Devin H. Fok, Esq. (SBN 256599)
devin@devinfoklaw.com
Joshua E. Kim, Esq. (SBN 257260)
joshua@devinfoklaw.com
**DHF LAW, P.C.**
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Tel.:   (888) 651-6411
Fax:   (818) 484-2023

Attorneys for Plaintiff
ERIC RODRDIGUEZ, as an individual

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ERIC RODRIGUEZ, as an individual<br><br>        Plaintiff(s),<br><br>   v.<br><br>NATIONAL TENANT NETWORK; and DOES 1 TO 10, Inclusive<br><br>        Defendant(s). | Case No. 6:25-cv-02048-GAP-LHP<br><br>**RENEWED MOTION FOR SPECIAL ADMISSION FOR JOSHUA E. KIM**<br><br>Action Filed:   October 23, 2025<br>Trial Date:  TBD |

Pursuant to the Court's order on November 4, 2025, Plaintiff's counsel, Joshua E. Kim, renews his motion for special admission to represent Plaintiff in this action on the basis that his appearances to date do not represent a "general practice" of law in Florida and respectfully requests that the Court grant his motion for special admission.

//

1
RENEWED MOTION FOR SPECIAL ADMISSION

## FACTUAL BACKGROUND

I have no intent to appear in additional cases in a Florida court in the future. Declaration of Joshua E. Kim ("Kim Decl."), ¶3. Neither DHF Law, PC nor I have affirmatively advertised in Florida or plan to do so in the future. *Id.*

On March 24, 2025, the court in *Naughton v. InfoCheckUSA, LLC et al.*, 6:24-cv-00620-JSS-UAM (M.D. Fl., Apr. 1, 2024) granted my motion for special admission. Kim Decl., ¶4. This was my first-ever appearance in a court in Florida. *Id.* On the same day, however, the parties settled all of the plaintiff's claims, and I had no procedural or substantial involvement in the case. *Id.*, ¶5. I did not review any document in the case, give advice or counsel to the plaintiff, prepare any legal document, or appear in a hearing or mediation. *Id.*

On May 20, 2025, the court in *Cotton v. HireRight, LLC et al.*, 8:25-cv-597-SDM-AEP (M.D. Fl., March 12, 2025) granted my motion for special admission. Kim Decl., ¶6. The case was later transferred to a venue and assigned a new case number, 6:25-cv-01466-RBD-LHP. *Id.* On May 21, 2025, the court in *Gonzalez-Colon v. Safelite Group, Inc.*, 8:25-cv-00549 (M.D. Fl., Mar. 6, 2025) granted my motion for special admission. *Id.*, ¶7.

On October 23, 2025, a complaint was filed in this case based on facts arising on or about October 29, 2023. ECF No. 1. On November 3, 2025, I moved for special admission in this case. ECF No. 9. On November 4, 2025, the Court denied the motion without prejudice on the basis of Local Rule 2.01(c). ECF No. 10. Upon receipt of the Court's order, DHF Law, PC has actively been looking for

a Florida attorney to represent Plaintiff but has not been successful to date. Kim Decl., ¶8.

## LEGAL STANDARD

Local Rule 2.01(c)(3) specifies that an attorney can move for special admission if he "has not abused the privilege of special admission by maintaining a regular practice of law in Florida."

Rule 1-3.10(a)(2) of the Rules Regulating the Florida Bar prohibits out-of-state attorneys from engaging in "general practice before Florida courts" and creates the presumption that "more than 3 appearances within a 365-day period in separate representations" constitutes "general practice."

## ARGUMENT

The presumption created by the Florida Bar's Rule 2.01(c)(3) is that a special appearance by an attorney implies practice of law. However, "an appearance in a federal court sitting in Florida does not constitute an 'appearance' as contemplated by subdivision (a)(2), because subdivision (a)(2) applies only to appearances before Florida state courts." Comment to Rule 2.01, Rules Regulating the Florida Bar.

Even if this Court voluntarily adopts the presumption of the Florida Bar in Rule 2.01(c)(3), it does not hold true in this case. In Florida, practice of law is "the performance of services in representing another before the courts " and "includes the giving of legal advice and counsel to others as to their rights and obligations under the law and the preparation of legal instruments, including

contracts, by which legal rights are either obtained, secured or given away, although such matters may not then or ever be the subject of proceedings in a court." *State ex rel. Fla. Bar v. Sperry*, 140 So. 2d 587, 591 (Fla. 1962), *vacated on other grounds sub nom. Sperry v. State of Fla. ex rel. Fla. Bar*, 373 U.S. 379 (1963).

I did not perform any "services in representing another before the courts" in my first special appearance in *Naughton v. InfoCheckUSA, LLC et al.*, 6:24-cv-00620-JSS-UAM (M.D. Fl., Apr. 1, 2024). The case settled in mediation the same day the court granted my special appearance. In connection with the case, I did not give legal advice or counsel to anyone. Nor did I prepare any legal instruments. My *pro forma* appearance in *Naughton* does not constitute "practice of law" under Florida laws, and the presumption of the Florida Bar's Rule 2.01(c)(3) does not apply.

Even if my *pro forma* appearance in *Naughton* constitutes an appearance and the presumption under Rule 2.01(c)(3) applies, there is good cause to grant my motion, and this Court has the discretion to do so. *Cf. Bedford v. Fam. Dollar Stores of Fla., Inc.*, 89 F. Supp. 3d 1356 (S.D. Fla. 2015) (granting special admission to an attorney who "has made appearances in three separate matters in this District within the past year" without requiring good cause). Neither the firm nor I solicited Plaintiff in this case. Plaintiff found the firm through his search, not through the firm's or my practice of law in Florida. Denying the

motion leaves him without counsel in a case where the statute of limitations on his claim has already passed, resulting in substantial harm to Plaintiff.

## CONCLUSION

Because my first appearance in Florida was *pro forma* and Plaintiff will suffer substantial harm to Plaintiff, I respectfully request that the Court exercise its discretion to grant my motion for special admission.

Dated:  November 24, 2025	**DHF LAW, P.C.**

By _/s/ Joshua Kim_
Joshua E. Kim, Esq.
Attorneys for Plaintiff
ERIC RODRIGUEZ